IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior District Judge Richard P. Matsch

Civil Action No. 06-cv-01858-RPM

KAREN LOUISE SAMPSON,
NORMAN FECK,
LOUISE SCHILLER,
TOM SORG,
WES CORNWELL, and
BECKY CORNWELL,

        Plaintiffs,

v.

MIKE COFFMAN, in his official capacity as Colorado Secretary of State,

        Defendant.

---

ORDER FOR SUPPLEMENTAL BRIEFING

---

      In this civil action, the plaintiffs challenge the constitutionality of the requirement of Article XXVIII of the Colorado Constitution and the Colorado Fair Campaign Practices Act as applied to them in their opposition to a proposal to annex their property to the Town of Parker, Colorado. More particularly, they assert that their rights protected by the First and Fourteenth Amendments to the United States Constitution were violated when they were forced to organize an "issue committee" in response to a complaint filed against them by citizen proponents of the annexation.

      At the hearing held on cross motions for summary judgment, this Court inquired as to the applicability of these laws to an annexation election conducted under the statutory provisions in C.R.S. §§ 31-12-107 through 31-12-112. That is the procedure followed in this case. A petition for an annexation election, pursuant to § 31-12-107(2)

requesting the Town of Parker to annex an area known as North Parker was first circulated for signatures in 2005.  The plaintiffs began their activities opposing annexation during that process.  They informed signers of the petition that they could remove their signatures and many of them did so.  That invalidated the petition.  The proponents circulated a second petition and registered as an issue committee on May 9, 2006, under the name "Parker Yes."  The second petition was submitted to the Town on May 16, 2006.  On June 19, 2006, the Town Council scheduled a meeting for August 14, 2006, to determine whether to proceed with an annexation election.  The procedure for such an election, as prescribed by § 31-12-112, is to petition the District Court for Douglas County to appoint three commissioners to call an election of qualified electors and landowners.  The commissioners are required to publish a notice of such election which must specify the time and place of the election, provide a description of the boundaries of the area proposed to be annexed and set forth the conditions and requirements proposed by the Town for annexation of the area.  The statute further provides that the ballot shall contain the words "For Annexation" and "Against Annexation."

  The plaintiffs appeared before the Town Council in opposition to the election and actively communicated their opposition through media outlets, the Internet, and other means of expression.  In July, 2006, the proponents filed a complaint against the plaintiffs with the Colorado Secretary of State, alleging violations of the Colorado campaign finance laws by the failure to form an issue committee, register it, set up a separate bank account and comply with the other requirements of the Colorado law.  As

required, the Secretary of State referred the complaint to an administrative judge, with a result that the plaintiffs were required to obtain counsel and on July 16, 2006, to register as an issue committee. The Town Council on August 14, 2006, voted to proceed with an annexation election, which was held on February 6, 2007. The proposed annexation was defeated by a vote of 352 to 21.

On September 20, 2006, the plaintiffs entered into a stipulation and entry of judgment which provided that on the assumption that a "ballot issue" existed an issue committee was required. The issue committee has not been terminated. At the hearing on the cross motions for summary judgment, the Court inquired whether the Constitution and statutory provisions were applicable to this type of election and the parties agreed with an affirmative answer to that question.

Upon careful textual analysis, the Court questions that answer.

Article XXVIII does not contain a definition of a "ballot issue" or "ballot question." It requires the Secretary of State to promulgate rules to implement the constitutional provision and the Secretary has done so. Rule 1.6 defines a ballot issue or ballot question as defined in C.R.S. § 1-1-104(2.3) and (2.7). Section 1-1-104(2.3) defines "ballot issues" to be a state or local government matter arising under Section 20 of Article X of the State Constitution, as defined in §§ 1-41-102(4) and 1-41-103(4). Section 1-41-102(4) refers to state ballot issues for elections in odd years and § 1-41-103(4) refers to local ballot issues in local elections held in odd numbered years at specific times. Subsection (e) refers to local government matters which does not

include annexations. It appears, therefore, that the annexation election was not a ballot issue under Colorado law.

Whether this is a ballot question is addressed in § 1-1-104(2.7) as meaning a state or local government matter involving a citizen petition or referred measure, other than a ballot issue. The word "ballot" is defined in § 1-1-104(1.7) as the list of all candidates, ballot issues, and ballot questions upon which an eligible elector is entitled to vote at an election.

Following this textual analysis, it appears that the earliest time that the constitutional and statutory requirements would be applicable to these plaintiffs is when the commissioners appointed by the District Court provided a notice of election as directed by § 31-12-112(6). That time is not in the record now before this Court. If this analysis is correct, it would appear that the complaint filed in July, 2006, should have been dismissed and that most of the activity which is complained of in this case is not restricted by these provisions of Colorado law. This Court is mindful of the restraint that must be exercised in addressing constitutional issues. Because this proposed analysis has not been addressed by the parties in their filings to this time, it is

ORDERED that supplemental briefs addressing this analysis will be filed on or before June 9, 2008.

Dated: May 20th, 2008

BY THE COURT:
s/Richard P. Matsch

_____
Richard P. Matsch, Senior District Judge